UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/2022
```

MICHAEL ANTHONY DEEM,

                Plaintiff,

-against-

CHUCK SCHUMER; CHUCK SCHUMER; KATHY HOCHUL; ANTONIO DELGADO; LETITIA JAMES; THOMAS P. DINAPOLI; ANDREA STEWART-COUSINS; NADER J. SAYEGH; ANNE E. MINIHAN; DAVID J. SQUIRRELL; AMY S. PUERTO; KERI A. FIORE; ELENA M. GOLDBERG-VELAZQUEZ; SHERRI EISENPRESS; DAVID S. ZUCKERMAN; LINDA M. MURRAY; RICHARD J. GUERTIN; JOHN A. SARCONE, III; JOHN CIAMPOLI; ROBERT S. CYPER; JOSEPH I. FARCA; MICHAEL J. GRACE; MAURICE D. WILLIAMS; ADA MEDINA,

                Defendants.

22-CV-8655 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff Michael Deem brings this suit *pro* se.[1] He paid the filing fee for this action and summonses have issued. For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

---

[1] Plaintiff Michael Deem was admitted to the bar in New York, but in 2016, the Committee on Grievances suspended him from practicing in this court "until further order of this Court." *In re: Michael Deem*, M-2-238 (S.D.N.Y. June 17, 2016). On July 27, 2022, the Appellate Division, Second Department, ordered that Deem "is suspended from the practice of law for a period of six months, commencing August 29, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 30, 2023." Matter of Deem, 2020-08181 (2d Dept. July 27, 2022).

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff asserts that "[t]his action is brought to determine the loyalties of the defendants to the Constitution of the United States of America" and "to determine if they have ever given aid or comfort to the enemies of the United States of America." (ECF 1 at 1, ¶ 1.) He names names numerous public officials, including New York Governor Kathy Hochul, Senator Chuck Schumer, New York State Attorney General Letitia James, New York State Comptroller Thomas DiNapoli, and many others.

Plaintiff describes a wide-ranging conspiracy, culminating in a "New World Order," in which he believes that "affiliates of secret societies, clubs or cabals take oaths of allegiance to each other and to said organizations that supersede all other oaths or affirmations." (*Id.* at 7, ¶ 37.) He quotes public figures, both historical (Presidents Abraham Lincoln, Woodrow Wilson, and James Garfield, General Douglas McArthur) and current. Plaintiff also refers to the Luciferian initiation (*id.* at 6, ¶ 30), the John Birch Society (*id.* at 5, ¶ 26), the "Georgia Guidestones" with ten principles for The New World Order, (*id.* at 6, ¶ 31), the Skull and Bones

Society (*id.* at ¶ 34), and the Free Masons. He contends, as he did in a prior suit that was dismissed as frivolous, *People of the State of New York v. Deem*, No. 22-CV-1250 (LTS) (S.D.N.Y. Feb. 22, 2022), *appeal dismissed*, 22-515-cv (2d Cir. Mar. 29, 2022), that "Masonic" and "Satanic" symbolism are visible in New York State court houses, and that Judith Kaye, the former Chief Judge of the New York Courts, wears "earrings that match the FBI's known pedophile symbols" and has been photographed "flashing masonic hand signs" and "wearing clothing with satanic symbolism, including human sacrifice." (*Id.* at 8, ¶ 44.) [2]

Plaintiff seeks an order directing that Defendants answer questions under oath about whether they are, or have been, affiliated with a secret society supporting the agenda of The New World Order. If so, or if Defendants fail to affirm that they are not so affiliated within the deadline he purports to set, Plaintiff seeks an order declaring that such officials be disqualified from holding public office.

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions

---

[2] Plaintiff has also unsuccessfully litigated several matters in this court arising out of his divorce and Family Court proceedings. *See Deem v. DiMella-Deem*, No. 18-CV-11889 (KMK) (S.D.N.Y. May, 2, 2019) (dismissed under the judicial immunity and *Younger* abstention doctrines, as well as under the domestic relations abstention doctrine), *aff'd*, 19-1630-cv (2d Cir. Apr. 9, 2020); *Deem v. Scheinkman*, No. 18-CV-10777 (CS) (S.D.N.Y. Dec. 18, 2018) (denying mandamus relief and warning Michael Deem about frivolous litigation against his wife, judges, and other officials involved in the divorce and custody proceedings); *Deem v. DiMella-Deem*, No. 18-CV-6186 (NSR) (S.D.N.Y. July 24, 2018) (dismissed under the judicial immunity and *Younger* abstention doctrines, as well as under the domestic relations abstention doctrine), *aff'd*, No. 18-2266 (2d Cir. Oct. 30, 2019).

are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). As an attorney, Plaintiff is not entitled to the solicitude given to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."). Moreover, leave to amend is not required where it would be futile. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant leave to amend and dismisses the action as frivolous.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to terminate this action. The Clerk of the Court is also directed to mail a copy of this order to *pro se* Plaintiff and show service on the docket.

SO ORDERED.

Dated: October 15, 2022
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge